## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TPC GROUP INC., *et al.*,[1] | Case No. 22-10493 (CTG) |
| Debtors. | Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P., | |
| Plaintiffs, | Adv. Pro. No. 22-50372 |
| v. | |
| TPC GROUP INC., | |
| Defendant. | |

### MOTION TO FILE UNDER SEAL CERTAIN PLEADINGS AND DOCUMENTS OF THE AD HOC GROUP OF NON-CONSENTING NOTEHOLDERS

Bayside Capital, Inc. ("Bayside") and Cerberus Capital Management, L.P. ("Cerberus," and together with Bayside, the "Ad Hoc Group of Non-Consenting Noteholders") respectfully submit this motion (the "Seal Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Ad Hoc Group of Non-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

Consenting Noteholders to file under seal certain pleadings (as described below, the "Pleadings"), along with the exhibits (the "Exhibits") attached to the *Declaration of Aaron L. Renenger in Support of the Ad Hoc Group of Non-Consenting Noteholders' Motion for Summary Judgment* (the "Declaration").  In support of the Seal Motion, the Ad Hoc Group of Non-Consenting Noteholders respectfully submit as follows:

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The relief requested in this Seal Motion is authorized under sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4.      On June 1, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On June 1, 2022, the Debtors filed a motion for authority to obtain debtor-in-possession financing (the "DIP Motion") [ECF. No. 36].  Contemporaneously herewith, the Ad Hoc Group of Non-Consenting Noteholders is filing an objection to the DIP Motion.

6.      Contemporaneously herewith, the Ad Hoc Group of Non-Consenting Noteholders is initiating an adversary proceeding through the filing of a complaint for declaratory judgment (the "Complaint"), a motion for summary judgment (the "Summary Judgment Motion"), the Declaration, and a motion for expedited hearing (the "Motion to Expedite") (collectively, the "Pleadings").

7.     In early 2022, pursuant to certain confidentiality agreements, the Debtors provided the Ad Hoc Group of Non-Consenting Noteholders with materials relevant to the Pleadings, including the Exhibits.

## RELIEF REQUESTED

8.     The Ad Hoc Group of Non-Consenting Noteholders requests that the Court enter an order substantially in the form of the order attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Ad Hoc Group of Non-Consenting Noteholders to file the Pleadings and the Exhibits under seal and ordering that the Pleadings and the Exhibits remain under seal, confidential, and not be made available to any third party without further order from the Court, provided that unsealed copies shall be provided to the U.S. Trustee and such other parties as may be agreed upon between the Ad Hoc Group of Non-Consenting Noteholders, the Debtors, and other parties in interest.

## BASIS FOR RELIEF

9.     Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Furthermore, section 107(b) of the Bankruptcy Code authorizes the Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information.  Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.    Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may

obtain a protective order authorizing the filing of a document under seal under section 107(b) of

the Bankruptcy Code.  Bankruptcy Rule 9018 provides in relevant part:

> On motion or its own initiative, with or without notice, the court may
> make any order which justice requires (1) to protect the estate or any
> entity in respect of a trade secret or other confidential research,
> development or commercial information, (2) to protect any entity against
> scandalous or defamatory matter contained in any paper filed in a case
> under the Code, . . . .

Fed. R. Bankr. P. 9018.  In addition, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny

party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R.

9018-1(b).

11.    Section 107(b) of the Bankruptcy Code does not require an entity protecting such

information to demonstrate good cause.  *See, e.g.*, *Video Software Dealers Ass'n v. Orion*

*Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v.*

*Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio

1995).  Rather, if the material sought to be protected satisfies one of the categories identified in

section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and

has no discretion to deny the application."  *Orion Pictures*, 21 F.3d at 27 (citing 2 *Colliers on*

*Bankruptcy,* ¶ 107-2 ("Protection is mandatory when requested by an [interested party]")).

Courts are required to provide such protections "generally where open inspection may be used as

a vehicle for improper purposes."  *Id.*

12.    The Court has broad authority to issue such an order under Bankruptcy Rule

9018.  *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the

requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any

order which justice requires.'  The Court notes that the authority goes not just to the protection of

confidential documents, but to other confidentiality restrictions that are warranted in the interests

of justice.").

13.     Here, the Exhibits form the basis for the arguments raised by, and the information

contained in, the Pleadings, and it is critical that such information be available for the Court's

analysis.  The Exhibits, however, were provided to the Ad Hoc Group of Non-Consenting

Noteholders by the Debtors on a confidential basis pursuant to certain confidentiality agreements

between the Debtors and the Ad Hoc Group of Non-Consenting Noteholders.  The relief

requested herein thus falls within the scope of section 107(b) and the other authorities cited

above.

14.     To protect such information, the Ad Hoc Group of Non-Consenting Noteholders

respectfully requests that this Court authorize the Ad Hoc Group of Non-Consenting Noteholders

to file the Pleadings and the Exhibits under seal.  Allowing the Pleadings and the Exhibits to be

filed under seal causes no prejudice to the parties in interest.

15.     No previous request for the relief sought herein has been made to this or any other

Court.

## **CONCLUSION**

Based on all of the foregoing, the Ad Hoc Group of Non-Consenting Noteholders

respectfully requests that the Court enter an order substantially in the form attached hereto as

**Exhibit A**, and grant the Ad Hoc Group of Non-Consenting Noteholders such other relief as the

Court deems appropriate.

Dated:  June 2, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
         tcairns@pszjlaw.com

- and -

**MILBANK LLP**

Gerard Uzzi (*pro hac vice* pending)
Nelly Almeida (*pro hac vice* pending)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219
Email: guzzi@milbank.com
         nalmeida@milbank.com

Aaron L. Renenger (*pro hac vice* pending)
John P. Estep (*pro hac vice* pending)
1850 K Street NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 263-7586
Email: arenenger@milbank.com
         jestep@milbank.com

*Counsel for the Ad Hoc Group of*
*Non-Consenting Noteholders*