# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TPC GROUP INC., *et al.*, | § | Case No. 22-10493 (CTG) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P., | § | Adv. Pro. No. 22-____ |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| TPC GROUP INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

### [PROPOSED] ORDER GRANTING THE AD HOC GROUP OF NON-CONSENTING NOTEHOLDERS' MOTION FOR SUMMARY JUDGMENT

WHEREAS,[2] Bayside Capital, Inc. ("Bayside") and Cerberus Capital Management, L.P. ("Cerberus," and together with Bayside, the "Ad Hoc Group of Non-Consenting Noteholders") have moved pursuant to Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056, for summary judgment (the "Motion"), and the Court having considered the briefs and arguments of the parties and found that there are no genuine issues of material fact and that the Ad Hoc Group of Non-Consenting Noteholders is entitled to judgment as a matter of law,

**IT IS HEREBY ORDERED**:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. Judgment is entered in favor of the Ad Hoc Group of Non-Consenting Noteholders as to Counts I and II of the Ad Hoc Group of Non-Consenting Noteholders' complaint for declaratory judgment (the "Complaint").

3. The Court DECLARES: (i) TPC Group Inc. ("TPC") has breached section 9.02(d)(10) of the Original Indenture, (ii) the 2021 Transaction Documents are of no force and effect with respect to the Senior Secured Notes held by members of the Ad Hoc Group of Non-Consenting Noteholders, to the extent the 2021 Transaction Documents, if given effect, would change the application of proceeds of collateral under the Original Indenture and the 2019 Intercreditor Agreement in a manner adversely affecting Senior Noteholders, and (iii) the application of proceeds of collateral securing the Senior Secured Notes held by members of the Ad Hoc Group of Non-Consenting Noteholders, including the relative priority of the Senior Secured Notes and the Usurping Notes, is to be determined solely by the Original Indenture and the 2019 Intercreditor Agreement.

4. The Court further DECLARES: (i) the consents TPC obtained in connection with issuance of the 2021 Transaction Documents and the Usurping Notes are invalid because they were not obtained from the registered holders of the Senior Secured Notes, (ii) the purported changes to the Original Indenture and the 2019 Intercreditor Agreement with respect to the relative priority of the Senior Secured Notes caused by the 2021 Transaction Documents, and any other purported changes to the Original Indenture and the 2019 Intercreditor Agreement that required consent of some or all Holders, breached section 9.02 of the Original Indenture, and (iii) the purported changes to the Original Indenture and the 2019 Intercreditor Agreement, with respect to the relative priority of the Senior Secured Notes caused by the 2021 Transaction

-3-

Documents, and any other purported changes to the Original Indenture and the 2019 Intercreditor Agreement that required consent of some or all Holders pursuant to section 9.02 of the Original Indenture, are of no force and effect with respect to the Senior Secured Notes held by members of the Ad Hoc Group of Non-Consenting Noteholders.

Dated: June ___, 2022

                                                      _____

                                        _____
                                        HONORABLE CRAIG T. GOLDBLATT
                                        UNITED STATES BANKRUPTCY JUDGE