# Exhibit H

**to the Declaration of Aaron L. Renenger in Support of the
Ad Hoc Group of Non-Consenting Noteholders' Motion for Summary Judgment**

# Milbank

**AARON L. RENENGER**

*Partner*

1850 K St. NW, Suite 1100  |  Washington, D.C. 20006

T: 212.530.7505

arenenger@milbank.com  |  milbank.com

March 31, 2022

**VIA EMAIL**

Jim Prince, Esq.                                                      30 Rockefeller Plaza
Scott Bowling, Esq.
Baker Botts, LLP
New York, New York 10112

Re:   Notification of Breach of 10.5% Indenture dated August 2, 2019 by TPC Group Inc.

Dear Scott:

We represent Bayside Capital, Inc. ("Bayside") and Cerberus Capital Management, LP ("Cerberus") as holders of 10.5% senior secured notes (the "10.5% Notes") issued by TPC Group Inc. (the "Company") pursuant to an indenture dated August 2, 2019 (the "10.5% Indenture"), as amended by a supplemental indenture dated February 2, 2021 (the "Supplemental Indenture").  We write to memorialize our conversation regarding our clients' rights and priority relative to 10.875% (the "10.875% Notes") notes issued pursuant to an indenture dated February 2, 2021 (the "10.875% Indenture") and the intercreditor agreement dated February 2, 2021 (the "2021 ICA").

Section 9.02 of the 10.5% Indenture explicitly requires consent of each holder of Notes (the "10.5% Holders", each a "10.5% Holder") adversely affected by a change to the 10.5% Indenture or the intercreditor agreement dated August 2, 2019 (the "2019 ICA") dealing with the application of proceeds of collateral.  Section 9.02(d) provides, in relevant part:

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Jim Prince, Esq.
Scott Bowling, Esq.
March 31, 2022                                                                                                          Page 2

> However, without the consent of each Holder affected thereby, an amendment, supplement or waiver under this Section 9.02 may not (with respect to any Notes held by a non-consenting Holder):
>
> . . .
>
> (10) make any change in the provisions in the Intercreditor Agreement or this Indenture dealing with the application of proceeds of Collateral that would adversely affect the Holders.

There is no doubt that the 2021 ICA changed the application of proceeds of collateral in a way adverse to all holders of 10.5% Notes. For example, Section 4.1(a) of the 2019 ICA provides that the application of proceeds of the "Notes Priority Collateral," which, among other collateral, secures the 10.5% Notes, shall be applied to the payment of the 10.5% Notes, second in priority only to the payment of certain costs and expenses related to the exercise of remedies with respect to the collateral.

Section 4.1 of the 2021 ICA changes this priority by stating that proceeds of "Common Collateral," inclusive of the Notes Priority Collateral set forth in the 2019 ICA, shall be applied to the 10.5% Notes only after discharge of the 10.875% Notes. Thus, the change to the application of proceeds of collateral in the 2019 ICA by the 2021 ICA adversely affects the 10.5% Holders by subordinating them to 10.875% Holders. On information and belief, the Company sought consents only from the members of the Ad Hoc Committee to which the 10.5% Notes were issued and did not obtain consent from any other holder of 10.5% Notes. As a result, the 2021 ICA and the purported subordination (with respect to the Common Collateral) pursuant thereto of the 10.5% Notes held by Bayside and Cerberus to the 10.875% Notes, are ineffective as to Bayside and Cerberus.

Similarly, changes to provisions of the 10.5% Indenture by the Supplemental Indenture, or amendments to or entry into other agreements, are ineffective as to Bayside and Cerberus to the extent that they deal with the application of proceeds of collateral in a way that adversely affect the 10.5% Holders and did not receive the required consent of each 10.5% Holder.

We appreciate the Company's continued willingness to engage with us while the Company seeks to restructure its balance sheet. We hope to continue to engage with the Company constructively, including with respect to the forgoing. To the extent facts exist that may impact our conclusions, we request that the Company promptly provide such facts.

Jim Prince, Esq.
Scott Bowling, Esq.
March 31, 2022                                                                                               Page 3

        Bayside and Cerberus reserve all rights.

                        Very truly yours,

                        */s/* Aaron L. Renenger

                        Aaron L. Renenger