# Exhibit A

**to the Ad Hoc Group of Non-Consenting Noteholders' Letter to The Honorable
Craig T. Goldblatt from Aaron L. Renenger regarding Discovery Disputes**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P., | Adv. Pro. No. 22-50372 (CTG) |
| *Plaintiffs*, | |
| v. | |
| TPC GROUP INC., | |
| *Defendant*. | |

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

TO:    Bayside Capital, Inc. ("**Bayside**") by and through its attorneys of record, MILBANK LLP, Gerard Uzzi and Nelly Almeida 55 Hudson Yards New York, NY 10001, and Aaron L. Renenger and John P. Estep 1850 K Street NW, Suite 1100 Washington, DC 20006.

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedures (the "**Federal Rules**"), as made applicable to this proceeding by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Debtor TPC Group Inc. and its debtor affiliates ("**TPC**" or the "**Company**") hereby serve this Request for Production of Documents on Bayside.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

Pursuant to Rule 34 of the Federal Rules and Rule 7034 of the Bankruptcy Rules, Bayside shall respond to this Request and is required to produce documents and electronic information in accordance with the instructions and as listed in the Requests for Production, attached hereto, to the undersigned counsel at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor Wilmington, Delaware 19899-1347, by **June 10, 2022**.

Dated: June 3, 2022
Wilmington, Delaware

*/s/ Curtis Miller*
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Matthew O. Talmo (No. 6333)
Brian Loughnane (No. 6853)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:    rdehney@morrisnichols.com
            cmiller@ morrisnichols.com
            dbutz@ morrisnichols.com
            mtalmo@ morrisnichols.com
            bloughnane@ morrisnichols.com
-and-

**BAKER BOTTS L.L.P.**
James R. Prince (*pro hac vice* admission pending)
Kevin Chiu (*pro hac vice* admission pending)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:    (214) 953-6500
Facsimile:    (214) 953-6503
Email:        jim.prince@bakerbotts.com
                kevin.chiu@bakerbotts.com

-and-

David R. Eastlake (*pro hac vice* admission pending)

Lauren N. Randle (*pro hac vice* admission pending)
910 Louisiana Street
Houston, Texas 77002
Telephone:      (713) 229-1234
Facsimile:      (713) 229-1522
Email:          david.eastlake@bakerbotts.com
                lauren.randle@bakerbotts.com

-and-

Scott R. Bowling (*pro hac vice* admission pending)
30 Rockefeller Plaza
New York, New York 10112
Telephone:      (212) 408-2500
Facsimile:      (212) 259-2501
Email:          scott.bowling@bakerbotts.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS

A.      "**10.5% Notes**" refers to the $930 million in aggregate principal 10.5% senior secured notes due 2024 that TPC Group, Inc., as issuer, and the other Debtors, as guarantors, issued pursuant to an *Indenture* dated April 2, 2019, (such indenture, the "**10.5% Notes Indenture**"), as amended by a *Supplemental Indenture* with U.S. Bank National Association dated February 2, 2021 as indenture trustee and collateral agent (such supplemental indenture, the "**Supplemental Indenture**").

B.      "**10.875% Notes**" refers to $153 million in aggregate principal amount of 10.875% senior secured notes due 2024 (the "**10.875% Notes**") that TPC Group Inc., as issuer, and the other Debtors, as guarantors, issued pursuant to an *Indenture* dated February 2, 2021 with U.S. Bank National Association, as trustee and collateral agent (such indenture, the "**10.875% Notes Indenture**").

C.      "**2021 Intercreditor Agreement**" refers to that certain intercreditor agreement dated February 2, 2021 among U.S. Bank National Association as senior priority agent and junior priority agent and acknowledged by TPC Group Inc.

D.      "**Affiliate**" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

E.      "**Ad Hoc Group**" means the ad hoc group of holders of the 10.5% Notes and 10.875% Notes represented by Paul Hastings and formerly Stroock that holds in the aggregate over 90% of the 10.875% Priming Notes and approximately 80% of the 10.5% Notes

4

F.      "**Bankruptcy Case**" means the above-captioned chapter 11 case proceeding in the Bankruptcy Court for the District of Delaware, and being administered under Case No. 22-10493 (CTG).

G.      "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as may be amended from time to time.

H.      "**Cerberus**" means Cerberus Capital Management, LP and its affiliates, employees, representatives, agents, attorneys, owners, members, managers, partners, officers, shareholders, and/or any other person or entity acting on its behalf.

I.      "**Communication**" means any oral or written exchange of information, including, but not limited to, any telephone conversations, other oral conversations, meetings, correspondence, letters, notes, reports, telegrams, telefaxes, facsimile transmissions, email, and memoranda related to each communication to, from, within the hearing of, or witnessed by You.

J.      "**Concerning**" and/or "**related to**" means describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

K.      "**DIP Proposal**" means any proposals, structures, or terms provided by Cerberus or Bayside in relation to debtor-in-possession ("**DIP**") financing, as described in as described in *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting*

*Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief*, dated June 1, 2022 [Dkt. No. 36].

L.      "**Document**" shall have the definition given to it in Rule 34 of the Federal Rules and shall means any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and any designated tangible things, and any electronically stored information. Pursuant to Rule 34 of the Federal Rules, "document" should be understood to encompass, and any response should include, electronically stored information.  All drafts of responsive documents must be produced, as well as non-identical copies.

M.      "**ESI**" shall mean "electronically stored information" as that term is used in Rule 34 of the Federal Rules and in any applicable Notes of Committee to that Rule.

N.      "**Including**" means including, but not limited to.

O.      "**Paul Hastings**" means the law firm of Paul Hastings LLP, 200 Park Ave, New York, NY 10166 and its employees, partners, representatives, agents, attorneys, and/or any other person or entity acting on its behalf.

P.      "**Stroock**" means the law firm of Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 1003 and its employees, partners, representatives, agents, attorneys, and/or any other person or entity acting on its behalf.

Q.      "**TPC**" means TPC Group Inc. and its debtor affiliates and any employees, representatives, agents, attorneys, and/or any other person or entity acting on its behalf and their behalf.

R.      "**US Bank**" means U.S. Bank National Association, and any affiliates, employees, representatives, agents, attorneys, owners, members, managers, partners, officers, shareholders, and/or any other person or entity acting on its behalf.

S.      "**You**", "**Your**", "**Yours**," "**Bayside**," "**Bayside**" means Bayside Capital, Inc. and any affiliates, employees, representatives, agents, attorneys, owners, members, managers, partners, officers, shareholders, and/or any other person or entity acting on Bayside or Cerberus' behalf, jointly or individually.

## INSTRUCTIONS

1.      You are required to obtain and produce or provide all responsive Documents and information in Your possession, available to You, or under Your control, or in the possession of, available to, or under the control of Your attorneys or agents.

2.      Unless otherwise stated, the time period for these Requests is from January 2021 to the present.

3.      If You refuse to answer any discovery request, in whole or in part, describe the basis for Your refusal to answer, including any claim of privilege or work product in sufficient detail so as to permit the Court to adjudicate the validity of Your refusal, and identify each Document or Communication for which a privilege is claimed.  For example, if You withhold a Document, identify the specific privilege or other basis for withholding the Document and identify the Document's (a) date; (b) author; (c) addresses and other recipients; and (d) subject matter.

4.      Where the context herein makes it appropriate, each singular word shall include its plural and each plural shall include its singular.

5.      Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

6.      The words "and" and "or" shall be both conjunctive and disjunctive.

7.      The word "any" includes the word "all," and "all" includes the word "any."

8.      Unless otherwise stated, the term "including" shall mean "including but not limited to."

9.      If You claim an ambiguity in interpreting a request, You shall respond to the request and identify the language deemed to be ambiguous and the interpretation used in responding to the request.

10.      All Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific requests set forth below.  All attachments to the documents, whether stapled, paper-clipped, or otherwise affixed, shall be produced and shall be attached to the Documents to which they relate in exactly the same manner in which they were found.  All copies of Documents or items that are not identical to the originals by reason of handwritten comments, marginal notations, underlining, or otherwise shall be produced in addition to the originals.  All hard-copy Documents produced shall be the original documents and shall be produced in their original file folder, binder or other cover or container unless that is not possible.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

11.      All ESI responsive to these requests shall be produced in single page Group IV .tif format with extracted text for the following data fields:

For emails:

| | | | |
|---|---|---|---|
| 1. | BEG DOC # | 11. | DATE RECEIVED |
| 2. | END DOC # | 12. | TIME RECEIVED |
| 3. | FROM | 13. | BODY |
| 4. | TO | 14. | DOC TYPE |
| 5. | CC | 15. | DOC EXT |

| | | | |
|---|---|---|---|
| 6. | BCC | 16. | FOLDER (email folder in .pst file) |
| 7. | SUBJECT | 17. | ATTACHMENTS |
| 8. | DATE CREATED | 18. | CUSTODIAN |
| 9. | DATE SENT | 19. | PAGE COUNT |
| 10. | TIME SENT | | |

For e-documents and e-mail attachments:

| | | | |
|---|---|---|---|
| 1. | BEG DOC # | 10. | LAST MODIFIED TIME |
| 2. | END DOC # | 11. | LAST ACCESSED DATE |
| 3. | SOURCE/CUSTODIAN | 12. | APPLICATION TYPE |
| 4. | DOC_TYPE | 13. | DOC EXT |
| 5. | DOC TITLE | 14.. | FILE NAME |
| 6. | AUTHOR | 15. | FILE PATH/FOLDER |
| 7. | CREATE DATE | 16. | BEG ATTACH |
| 8. | CREATE TIME | 17. | END ATTACH |
| 9. | LAST MODIFIED DATE | | |

In instances of parent e-mails with attachments, PARENT ID and ATTACH ID should also be provided.

12.     If the requests call for the production of a standard form, multiple duplicates of which you may maintain, production of one of the forms, rather than every duplicate, will satisfy the request.

13.     Each request for Documents seeks production of all Documents in the possession, custody or control of you, your agents and representatives, including but not limited to, your attorneys, officers, accountants, financial advisers, bookkeepers, as well as responsive Documents that are known to exist and that can be secured by you from any other source

14.     If there are no Documents in existence that are responsive to a particular request, Your response must include a statement to that effect.

15.     These requests are continuing.  If You or any person acting on Your behalf obtains additional Documents called for by these requests after the time of the initial response, such Documents shall be promptly produced.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications and Documents related to Bayside and Cerberus' decision to acquire their interest in the 10.5% Notes.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2:

All Communications and Documents related to Bayside and Cerberus' acquisition of any interest in the 10.5% Notes, including the price paid, entity or entities such interest in the 10.5% Notes were purchased from, when acquired, circumstances of acquisition, and quantity of such acquisition.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3:

All Communications and Documents related to Bayside and Cerberus' disposition of any interest in the 10.5% Notes, including the price sold, entity or entities such interest in the 10.5% Notes was sold to, when sold, circumstances of disposition, and quantity of such disposition.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4:

All Communications and Documents related to Bayside and Cerberus' purported interest in the 10.5% Notes.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5:

All Communications and Documents sufficient to show Bayside and Cerberus' ownership of their purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All Communications and Documents sufficient to show the value or amount of Bayside and Cerberus' purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All Communications and Documents related to any valuation performed relating to Bayside and Cerberus' purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All Communications and Documents sufficient to show the entity or entities from whom Bayside and Cerberus' acquired their purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All Communications and Documents sufficient to show when Bayside and Cerberus' acquired their purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All Communications and Documents sufficient to show the price paid by Bayside and Cerberus' for acquisition of their purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All Communications and Documents related to any DIP Proposal(s) provided by Cerberus or Bayside to TPC, including any drafts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All Communications and Documents related to the terms of any DIP Proposal(s) provided by Cerberus or Bayside to TPC, including any drafts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All Communications and Documents related to any substantive or financial analysis of the terms of DIP Proposal(s) provided by Cerberus or Bayside to TPC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All Communications and Documents related to TPC, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, Supplemental Indenture, or 10.5% Notes Indenture.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All Communications and Documents with the Ad Hoc Group related to TPC, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All Communications and Documents related to TPC, the 10.875% Notes, 10.5% Notes, 10.875% Note Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

All Communications and Documents related to the Ad Hoc Group.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**

All Communications and Documents with Stroock or Paul Hastings related to TPC, Ad Hoc Group, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**

All Communications and Documents supporting your contention that your DIP Proposal(s) provided by Cerberus or Bayside to TPC contained "economically superior terms" to DIP financing accepted by TPC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**

All Communications and Documents sufficient to support your contentions that Cerberus or Bayside's DIP Proposal was actionable because Cerberus or Bayside have the ability to direct the 10.5% Notes indenture trustee and collateral agent to consent to the priming of the 10.5% Notes, including to any opinion letters

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All Communications and Documents sufficient to support your contentions that Cerberus or Bayside's DIP Proposal(s) would not violate the 2021 Intercreditor Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All Communications and Documents between Cerberus and Bayside related to TPC, the Ad Hoc Group, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All Communications and Documents with US Bank related to TPC, the Ad Hoc Group, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All of Cerberus and Bayside's organization charts, either for its officers and directors or showing all affiliated entities, since January 1, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All Communications and Documents sufficient to demonstrate any analysis performed by or efforts engaged in by Cerberus or Bayside related to the possible acquisition of TPC's equity or substantially all of TPC's assets, including any documents reflecting any financing analysis related thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All Communications and Documents sufficient to demonstrate any analysis performed by or efforts engaged in by Cerberus or Bayside related to the possible acquisition of TPC's debt, including any documents reflecting any financing analysis related thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Pursuant to Rule 26 of the Federal Rules, as made applicable to this proceeding by Rules 7026 and 9014 of the Bankruptcy Rules, to the extent any Document or Communication is withheld, in whole or in part, for any reason, including any claim of attorney client, joint defense, allied litigant, or any other applicable legal privilege or confidentiality, a log sufficient to describe the nature of the Documents or Communications not produced or disclosed including: (a) the privilege or ground under which the Document or Communication is being withheld; (b) a general description of the subject matter of the Document or Communication; (c) the author of the Document or the Communication; (d) all persons to whom the Document or Communication is addressed (including all persons carbon copied or blind carbon copied) and all persons to whom copies of the Document or Communication were furnished, together with their respective job titles; (e) the date of the Document or Communication; (f) the present custodian and location of the Document or Communication; and (g) the paragraph number of the request to which the Document or Communication is responsive.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All Communications and Documents You intend to offer at any hearing(s) on the DIP Motion in the Bankruptcy Case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All Communications and Documents sufficient to demonstrate that Cerberus and/or Bayside, whether by or among themselves, or with financing from any third parties, have the financial ability to refinance the 10.5% Notes and/or the 10.875% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All Communications and Documents presented to or generated by any investment committee(s) of Cerberus and/or Bayside related to their investment in the 10. 5% Notes.

**RESPONSE:**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **TPC GROUP INC.**, *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P., | Adv. Pro. No. 22-50372 (CTG) |
| *Plaintiffs*, | |
| v. | |
| TPC GROUP INC., | |
| *Defendant*. | |

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

TO:    Cerberus Capital Management, LP ("**Cerberus**") by and through its attorneys of record, MILBANK LLP, Gerard Uzzi and Nelly Almeida 55 Hudson Yards New York, NY 10001, and Aaron L. Renenger and John P. Estep 1850 K Street NW, Suite 1100 Washington, DC 20006.

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedures (the "**Federal Rules**"), as made applicable to this proceeding by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Debtor TPC Group Inc. and its debtor affiliates ("**TPC**" or the "**Company**") hereby serve this Request for Production of Documents on Cerberus.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

Pursuant to Rule 34 of the Federal Rules and Rule 7034 of the Bankruptcy Rules, Cerberus shall respond to this Request and is required to produce documents and electronic information in accordance with the instructions and as listed in the Requests for Production, attached hereto, to the undersigned counsel at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor Wilmington, Delaware 19899-1347, by **June 10, 2022**.

Dated: June 3, 2022
      Wilmington, Delaware

/s/ Curtis Miller

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Matthew O. Talmo (No. 6333)
Brian Loughnane (No. 6853)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:    rdehney@morrisnichols.com
        cmiller@ morrisnichols.com
        dbutz@ morrisnichols.com
        mtalmo@ morrisnichols.com
        bloughnane@ morrisnichols.com

-and-

**BAKER BOTTS L.L.P.**
James R. Prince (*pro hac vice* admission pending)
Kevin Chiu (*pro hac vice* admission pending)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:    (214) 953-6500
Facsimile:    (214) 953-6503
Email:    jim.prince@bakerbotts.com
        kevin.chiu@bakerbotts.com

-and-

David R. Eastlake (*pro hac vice* admission pending)

2

Lauren N. Randle (*pro hac vice* admission pending)
910 Louisiana Street
Houston, Texas 77002
Telephone:      (713) 229-1234
Facsimile:      (713) 229-1522
Email:          david.eastlake@bakerbotts.com
                lauren.randle@bakerbotts.com

-and-

Scott R. Bowling (*pro hac vice* admission pending)
30 Rockefeller Plaza
New York, New York 10112
Telephone:      (212) 408-2500
Facsimile:      (212) 259-2501
Email:          scott.bowling@bakerbotts.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS

A.      "**10.5% Notes**" refers to the $930 million in aggregate principal 10.5% senior secured notes due 2024 that TPC Group, Inc., as issuer, and the other Debtors, as guarantors, issued pursuant to an *Indenture* dated April 2, 2019, (such indenture, the "**10.5% Notes Indenture**"), as amended by a *Supplemental Indenture* with U.S. Bank National Association dated February 2, 2021 as indenture trustee and collateral agent (such supplemental indenture, the "**Supplemental Indenture**").

B.      "**10.875% Notes**" refers to $153 million in aggregate principal amount of 10.875% senior secured notes due 2024 (the "**10.875% Notes**") that TPC Group Inc., as issuer, and the other Debtors, as guarantors, issued pursuant to an *Indenture* dated February 2, 2021 with U.S. Bank National Association, as trustee and collateral agent (such indenture, the "**10.875% Notes Indenture**").

C.      "**2021 Intercreditor Agreement**" refers to that certain intercreditor agreement dated February 2, 2021 among U.S. Bank National Association as senior priority agent and junior priority agent and acknowledged by TPC Group Inc.

D.      "**Affiliate**" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

E.      "**Ad Hoc Group**" means the ad hoc group of holders of the 10.5% Notes and 10.875% Notes represented by Paul Hastings and formerly Stroock that holds in the aggregate over 90% of the 10.875% Priming Notes and approximately 80% of the 10.5% Notes

4

F.      "**Bankruptcy Case**" means the above-captioned chapter 11 case proceeding in the Bankruptcy Court for the District of Delaware, and being administered under Case No. 22-10493 (CTG).

G.      "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as may be amended from time to time.

H.      "**Bayside**" means Bayside Capital, Inc. and its affiliates, employees, representatives, agents, attorneys, owners, members, managers, partners, officers, shareholders, and/or any other person or entity acting on its behalf.

I.      "**Communication**" means any oral or written exchange of information, including, but not limited to, any telephone conversations, other oral conversations, meetings, correspondence, letters, notes, reports, telegrams, telefaxes, facsimile transmissions, email, and memoranda related to each communication to, from, within the hearing of, or witnessed by You.

J.      "**Concerning**" and/or "**related to**" means describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

K.      "**DIP Proposal**" means any proposals, structures, or terms provided by Cerberus or Bayside in relation to debtor-in-possession ("**DIP**") financing, as described in *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate*

*Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief*, dated June 1, 2022 [Dkt. No. 36].

L.    "**Document**" shall have the definition given to it in Rule 34 of the Federal Rules and shall means any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and any designated tangible things, and any electronically stored information. Pursuant to Rule 34 of the Federal Rules, "document" should be understood to encompass, and any response should include, electronically stored information.  All drafts of responsive documents must be produced, as well as non-identical copies.

M.    "**ESI**" shall mean "electronically stored information" as that term is used in Rule 34 of the Federal Rules and in any applicable Notes of Committee to that Rule.

N.    "**Including**" means including, but not limited to.

O.    "**Paul Hastings**" means the law firm of Paul Hastings LLP, 200 Park Ave, New York, NY 10166 and its employees, partners, representatives, agents, attorneys, and/or any other person or entity acting on its behalf.

P.    "**Stroock**" means the law firm of Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 1003 and its employees, partners, representatives, agents, attorneys, and/or any other person or entity acting on its behalf.

Q.    "**TPC**" means TPC Group Inc. and its debtor affiliates and any employees, representatives, agents, attorneys, and/or any other person or entity acting on its behalf and their behalf.

R.    "**US Bank**" means U.S. Bank National Association, and any affiliates, employees, representatives, agents, attorneys, owners, members, managers, partners, officers, shareholders, and/or any other person or entity acting on its behalf.

S.    "**You**", "**Your**", "**Yours**," "**Cerberus**," means Cerberus Capital Management, LP, and its affiliates, employees, representatives, agents, attorneys, owners, members, managers, partners, officers, shareholders, and/or any other person or entity acting on its behalf.

## <u>INSTRUCTIONS</u>

1.    You are required to obtain and produce or provide all responsive Documents and information in Your possession, available to You, or under Your control, or in the possession of, available to, or under the control of Your attorneys or agents.

2.    Unless otherwise stated, the time period for these Requests is from January 2021 to the present.

3.    If You refuse to answer any discovery request, in whole or in part, describe the basis for Your refusal to answer, including any claim of privilege or work product in sufficient detail so as to permit the Court to adjudicate the validity of Your refusal, and identify each Document or Communication for which a privilege is claimed.  For example, if You withhold a Document, identify the specific privilege or other basis for withholding the Document and identify the Document's (a) date; (b) author; (c) addresses and other recipients; and (d) subject matter.

4.    Where the context herein makes it appropriate, each singular word shall include its plural and each plural shall include its singular.

5.    Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

6.    The words "and" and "or" shall be both conjunctive and disjunctive.

7.      The word "any" includes the word "all," and "all" includes the word "any."

8.      Unless otherwise stated, the term "including" shall mean "including but not limited to."

9.      If You claim an ambiguity in interpreting a request, You shall respond to the request and identify the language deemed to be ambiguous and the interpretation used in responding to the request.

10.     All Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific requests set forth below.  All attachments to the documents, whether stapled, paper-clipped, or otherwise affixed, shall be produced and shall be attached to the Documents to which they relate in exactly the same manner in which they were found.  All copies of Documents or items that are not identical to the originals by reason of handwritten comments, marginal notations, underlining, or otherwise shall be produced in addition to the originals.  All hard-copy Documents produced shall be the original documents and shall be produced in their original file folder, binder or other cover or container unless that is not possible.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

11.     All ESI responsive to these requests shall be produced in single page Group IV .tif format with extracted text for the following data fields:

For emails:

| | | | |
|---|---|---|---|
| 1. | BEG DOC # | 11. | DATE RECEIVED |
| 2. | END DOC # | 12. | TIME RECEIVED |
| 3. | FROM | 13. | BODY |
| 4. | TO | 14. | DOC TYPE |
| 5. | CC | 15. | DOC EXT |
| 6. | BCC | 16. | FOLDER (email folder in .pst file) |
| 7. | SUBJECT | 17. | ATTACHMENTS |

| 8. | DATE CREATED | 18. | CUSTODIAN |
|----|--------------|-----|-----------|
| 9. | DATE SENT | 19. | PAGE COUNT |
| 10. | TIME SENT | | |

For e-documents and e-mail attachments:

| 1. | BEG DOC # | 10. | LAST MODIFIED TIME |
|----|-----------|-----|--------------------|
| 2. | END DOC # | 11. | LAST ACCESSED DATE |
| 3. | SOURCE/CUSTODIAN | 12. | APPLICATION TYPE |
| 4. | DOC_TYPE | 13. | DOC EXT |
| 5. | DOC TITLE | 14.. | FILE NAME |
| 6. | AUTHOR | 15. | FILE PATH/FOLDER |
| 7. | CREATE DATE | 16. | BEG ATTACH |
| 8. | CREATE TIME | 17. | END ATTACH |
| 9. | LAST MODIFIED DATE | | |

In instances of parent e-mails with attachments, PARENT ID and ATTACH ID should also be provided.

12.     If the requests call for the production of a standard form, multiple duplicates of which you may maintain, production of one of the forms, rather than every duplicate, will satisfy the request.

13.     Each request for Documents seeks production of all Documents in the possession, custody or control of you, your agents and representatives, including but not limited to, your attorneys, officers, accountants, financial advisers, bookkeepers, as well as responsive Documents that are known to exist and that can be secured by you from any other source

14.     If there are no Documents in existence that are responsive to a particular request, Your response must include a statement to that effect.

15.     These requests are continuing.  If You or any person acting on Your behalf obtains additional Documents called for by these requests after the time of the initial response, such Documents shall be promptly produced.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications and Documents related to Bayside and Cerberus' decision to acquire their interest in the 10.5% Notes.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

All Communications and Documents related to Bayside and Cerberus' acquisition of any interest in the 10.5% Notes, including the price paid, entity or entities such interest in the 10.5% Notes were purchased from, when acquired, circumstances of acquisition, and quantity of such acquisition.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All Communications and Documents related to Bayside and Cerberus' disposition of any interest in the 10.5% Notes, including the price sold, entity or entities such interest in the 10.5% Notes was sold to, when sold, circumstances of disposition, and quantity of such disposition.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

All Communications and Documents related to Bayside and Cerberus' purported interest in the 10.5% Notes.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

All Communications and Documents sufficient to show Bayside and Cerberus' ownership of their purported interest in the 10.5% Notes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**

All Communications and Documents sufficient to show the value or amount of Bayside and Cerberus' purported interest in the 10.5% Notes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**

All Communications and Documents related to any valuation performed relating to Bayside and Cerberus' purported interest in the 10.5% Notes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**

All Communications and Documents sufficient to show the entity or entities from whom Bayside and Cerberus' acquired their purported interest in the 10.5% Notes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**

All Communications and Documents sufficient to show when Bayside and Cerberus' acquired their purported interest in the 10.5% Notes.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**

All Communications and Documents sufficient to show the price paid by Bayside and Cerberus' for acquisition of their purported interest in the 10.5% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All Communications and Documents related to any DIP Proposal(s) provided by Cerberus or Bayside to TPC, including any drafts.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**

All Communications and Documents related to the terms of any DIP Proposal(s) provided by Cerberus or Bayside to TPC, including any drafts.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

All Communications and Documents related to any substantive or financial analysis of the terms of DIP Proposal(s) provided by Cerberus or Bayside to TPC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**

All Communications and Documents related to TPC, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, Supplemental Indenture, or 10.5% Notes Indenture.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**

All Communications and Documents with the Ad Hoc Group related to TPC, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All Communications and Documents related to TPC, the 10.875% Notes, 10.5% Notes, 10.875% Note Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

All Communications and Documents related to the Ad Hoc Group.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**

All Communications and Documents with Stroock or Paul Hastings related to TPC, Ad Hoc Group, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**

All Communications and Documents supporting your contention that your DIP Proposal(s) provided by Cerberus or Bayside to TPC contained "economically superior terms" to DIP financing accepted by TPC.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**

All Communications and Documents sufficient to support your contentions that Cerberus or Bayside's DIP Proposal was actionable because Cerberus or Bayside have the ability to direct the 10.5% Notes indenture trustee and collateral agent to consent to the priming of the 10.5% Notes, including any opinion letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All Communications and Documents sufficient to support your contentions that Cerberus or Bayside's DIP Proposal(s) would not violate the 2021 Intercreditor Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All Communications and Documents between Cerberus and Bayside related to TPC, the Ad Hoc Group, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All Communications and Documents with US Bank related to TPC, the Ad Hoc Group, the 10.875% Notes, 10.5% Notes, 10.875% Notes Indenture, 10.5% Notes Indenture, Supplemental Indenture, or 2021 Intercreditor Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All of Cerberus and Bayside's organization charts, either for its officers and directors or showing all affiliated entities, since January 1, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All Communications and Documents sufficient to demonstrate any analysis performed by or efforts engaged in by Cerberus or Bayside related to the possible acquisition of TPC's equity or substantially all of TPC's assets, including any documents reflecting any financing analysis related thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All Communications and Documents sufficient to demonstrate any analysis performed by or efforts engaged in by Cerberus or Bayside related to the possible acquisition of TPC's debt, including any documents reflecting any financing analysis related thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Pursuant to Rule 26 of the Federal Rules, as made applicable to this proceeding by Rules 7026 and 9014 of the Bankruptcy Rules, to the extent any Document or Communication is withheld, in whole or in part, for any reason, including any claim of attorney client, joint defense, allied litigant, or any other applicable legal privilege or confidentiality, a log sufficient to describe the nature of the Documents or Communications not produced or disclosed including: (a) the privilege or ground under which the Document or Communication is being withheld; (b) a general description of the subject matter of the Document or Communication; (c) the author of the Document or the Communication; (d) all persons to whom the Document or Communication is addressed (including all persons carbon copied or blind carbon copied) and all persons to whom copies of the Document or Communication were furnished, together with their respective job titles; (e) the date of the Document or Communication; (f) the present custodian and location of the Document or Communication; and (g) the paragraph number of the request to which the Document or Communication is responsive.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All Communications and Documents You intend to offer at any hearing(s) on the DIP Motion in the Bankruptcy Case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All Communications and Documents sufficient to demonstrate that Cerberus and/or Bayside, whether by or among themselves, or with financing from any third parties, have the financial ability to refinance the 10.5% Notes and/or the 10.875% Notes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All Communications and Documents presented to or generated by any investment committee(s) of Cerberus and/or Bayside related to their investment in the 10.5% Notes.

**RESPONSE:**