## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TPC GROUP INC., *et al.*,[1] | Case No. 22-10493 (CTG) |
| Debtors. | Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P., | |
| Plaintiffs, | Adv. Pro. No. 22-50372 |
| v. | |
| TPC GROUP INC., | |
| Defendant, | |
| -and- | |
| THE AD HOC NOTEHOLDER GROUP, | |
| Intervenor Defendant. | |

### THE AD HOC NOTEHOLDER GROUP'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

Intervenor Defendant, the ad hoc group of beneficial holders of, or investment advisors, sub-advisors, or managers of discretionary accounts that hold a supermajority of both the 10.5% Notes and the 10.875% Notes (each as defined below) (the "Ad Hoc Noteholder Group", referred to herein as the "Intervenor Defendant"), by its undersigned counsel, respectfully submits this Answer to Plaintiffs' Complaint and Affirmative Defenses, and in support thereof respectfully states as follows:

1.      Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Complaint, which purports to summarize Plaintiffs' allegations contained in the Complaint.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 1.

2.      Intervenor Defendant admits the allegation in the first sentence of Paragraph 2 of the Complaint.  Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence of Paragraph 2 of the Complaint.

3.       Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 3 of the Complaint, which purports to characterize the 2019 Intercreditor Agreement and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 3.

4.      Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 4 of the Complaint, which purports to characterize the Original Indenture and the 2019 Intercreditor Agreement and Intervenor Defendant refers to the documents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 4.

5.      Intervenor Defendant denies the allegations in Paragraph 5 of the Complaint.

6.        In response to the allegations in Paragraph 6 of the Complaint, Intervenor Defendant admits that TPC issued $153 million in principal of new notes, denies the reference to and characterization as the "Usurping Notes", admits that an additional approximately $51.5 million in additional notes were issued in 2022 and denies any remaining allegations contained in Paragraph 6.

7.        Intervenor Defendant denies the allegations contained in Paragraph 7 of the Complaint except admits that the Supplemental Indenture and 2021 Intercreditor Agreement were entered into.

8.        Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 8 of the Complaint to the extent it purports to characterize the Supplemental Indenture, Original Indenture, the 2019 Intercreditor Agreement and the 2021 Intercreditor Agreement and Intervenor Defendant refers to the documents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 8.

9.        Intervenor Defendant denies the allegations contained in the first three sentences of Paragraph 9 of the Complaint, except admits that sufficient consents were obtained to effectuate the transactions, and Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence in Paragraph 9 of the Complaint.

10.        Intervenor Defendant denies the allegations in Paragraph 10 of the Complaint.

11.        Intervenor Defendant admits the allegations in the first three sentences in Paragraph 11 of the Complaint except denies the motion "purported" to provide as alleged.  Intervenor Defendant denies the allegations in the fourth sentence of paragraph 11.

12.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 12 of the Complaint, which purports to summarize Plaintiffs' allegations contained in the Complaint.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 12.

13.    Paragraph 13 of the Complaint asserts a legal conclusion to which no response is required.

14.    Paragraph 14 of the Complaint asserts a legal conclusion to which no response is required.

15.    Paragraph 15 of the Complaint asserts a legal conclusion to which no response is required.

16.    Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 16 of the Complaint.

17.    Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 17 of the Complaint.

18.    Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 18 of the Complaint.  Intervenor Defendant admits the remaining allegations in Paragraph 18 of the Complaint.

19.    Intervenor Defendant admits the allegations in Paragraph 19 of the Complaint.

20.    Intervenor Defendant admits the allegations in Paragraph 20 of the Complaint.

21.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 21 of the Complaint, which purports to characterize the 2019 Intercreditor Agreement and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 21.

22.     Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 22 of the Complaint.

23.     Intervenor Defendant admits the allegations in Paragraph 23 of the Complaint but denies the reference to and characterization as the "Usurping Notes".

24.     Intervenor Defendant denies the allegations contained in Paragraph 24 of the Complaint except admits that the Supplemental Indenture and 2021 Intercreditor Agreement were entered into.

25.     Intervenor Defendant admits the allegations in Paragraph 25 of the Complaint but denies the reference to and characterization as the "Usurping Notes" and "2022 Usurping Notes", as well as the characterization that the notes were issued "in anticipation of a bankruptcy filing".

26.     Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 26 of the Complaint and denies the reference to and characterization as the "Usurping Notes".

27.     Intervenor Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 28 of the Complaint, which purports to characterize the Original Indenture and 2019 Intercreditor Agreement and Intervenor Defendant refers to the documents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 28.

29.     Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 29 of the Complaint, which purports to characterize the Original Indenture, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 29.

30.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint, which purports to characterize the Original Indenture, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 30.

31.    Intervenor Defendant denies the allegations in Paragraph 31 of the Complaint.

32.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 32 of the Complaint, which purports to characterize the Supplemental Indenture, the Original Indenture, and the 2021 Intercreditor Agreement, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 32.

33.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 33 of the Complaint, which purports to characterize the Supplemental Indenture, Original Indenture, 2019 Intercreditor Agreement, and the 2021 Intercreditor Agreement, and Intervenor Defendant refers to the documents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 33.

34.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 34 of the Complaint, which purports to characterize the 2021 Intercreditor Agreement, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 34.

35.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 35 of the Complaint, which purports to characterize the Supplemental Indenture and 2019 Intercreditor Agreement, and Intervenor Defendant refers to the documents for their terms.

To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 35.

36.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 36 of the Complaint, which purports to characterize the Supplemental Indenture, Original Indenture, and 2019 Intercreditor Agreement, and Intervenor Defendant refers to the documents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 36.

37.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 37 of the Complaint, which purports to characterize the Supplemental Indenture, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant admits the allegations in Paragraph 37 that TPC issued approximately $51.5 million of additional notes, and denies the reference to and characterization as the "Usurping Notes".

38.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 38 of the Complaint, which purports to characterize the 2019 Intercreditor Agreement and 2021 Intercreditor Agreement, and Intervenor Defendant refers to the documents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 38.

39.    Intervenor Defendant denies the allegations in Paragraph 39 of the Complaint and refers to the pertinent documents for their respective terms.

40.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 40 of the Complaint, which purports to characterize the Original Indenture, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required,

Intervenor Defendant denies the allegations in Paragraph 40 except admits that TPC obtained the requisite consents.

41.    Paragraph 41 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 41.

42.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 42 of the Complaint, which purports to characterize the Original Indenture, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 42.

43.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 43 of the Complaint, which purports to characterize the terms of the written consents and Intervenor Defendant refers to the written consents for their terms.  To the extent that a response is required, Intervenor Defendant denies the allegations contained in Paragraph 43.

44.    Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the Complaint.

45.    Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of the Complaint.

46.    In response to the allegations contained in Paragraph 46 of the Complaint, Intervenor Defendant restates and incorporates by reference its responses to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 47 of the Complaint, which purports to quote the Original Indenture, and Intervenor

Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 47.

48.     Intervenor Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Intervenor Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Intervenor Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Intervenor Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Intervenor Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Intervenor Defendant admits the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint asserts a legal conclusion to which no response is required.

55.     Intervenor Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     In response to the allegations contained in Paragraph 56 of the Complaint, Intervenor Defendant restates and incorporates by reference its responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     Intervenor Defendant neither admits nor denies the allegations contained in Paragraph 57 of the Complaint, which purports to quote the Original Indenture, and Intervenor Defendant refers to the document for its terms.  To the extent that a response is required, Intervenor Defendant denies the allegations in Paragraph 57.

58.     Intervenor Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Intervenor Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Intervenor Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Intervenor Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint asserts a legal conclusion to which no response is required.

63.     Intervenor Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     No response is necessary to Plaintiffs' "Relief Demanded."  To the extent that a response is required, Intervenor Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, Intervenor Defendant states as follows for its affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest on Plaintiffs:

65.     The Complaint fails to state a claim upon which relief may be granted.

66.     Plaintiffs lack standing to bring the claims asserted in the Complaint.

67.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, condonation, ratification, equitable estoppel, and/or other equitable doctrines.

68.     Intervenor Defendant reserves the right to amend this Answer to Complaint and Affirmative Defenses and to plead additional defenses.

WHEREFORE, Intervenor Defendant respectfully requests as follows:

1.     The Court deny Plaintiffs the relief requested and sought in their Complaint and that the Complaint be dismissed with prejudice;

2.     The costs of this action, including reasonable attorney's fees as allowed by law, be taxed against Plaintiffs; and

3.     The Court grant any such other and further relief as the Court deems just and proper.

29467407.1

9

Dated: June 17, 2022
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ *Robert F. Poppiti, Jr.*
Matthew B. Lunn, Esq. (No. 4119)
Robert F. Poppiti, Jr., Esq. (No. 5052)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-3312
Email: mlunn@ycst.com
      rpoppiti@ycst.com

*Counsel to Intervenor Defendant*
*The Ad Hoc Noteholder Group*


Kristopher M. Hansen, Esq.
Kenneth Pasquale, Esq.
Jonathan D. Canfield, Esq.
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      kenpasquale@paulhastings.com
      joncanfield@paulhastings.com

*Counsel to Intervenor Defendant*
*The Ad Hoc Noteholder Group, solely with respect to the*
*claims asserted by plaintiff Cerberus Capital Management,*
*L.P.*

29467407.1