# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC., *et al.*, | Case No. 22-10493 (CTG) |
| Debtors.[1] | Jointly Administered |
| | |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P., | Adv. Pro. No. 22-50372 (CTG) |
| Plaintiffs, | |
| v. | **Hearing Date:** |
| TPC GROUP INC., | **June 29, 2022 at 1:00 p.m. (ET)** |
| | **Objection Deadline:** |
| Defendant, | **At or Before the Hearing** |
| -and- | |
| THE AD HOC NOTEHOLDER GROUP, | |
| Intervenor Defendant. | **Re: A.D.I. 40, 41, 52** |

## MOTION TO FILE UNDER SEAL PORTIONS OF (I) TPC GROUP INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND (II) DECLARATION OF PATRICK HURT

TPC Group Inc. ("TPC" or the "Debtor"), defendant and counter-claimant in the above-captioned adversary proceeding, respectfully moves (this "Motion") as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77002.

## RELIEF REQUESTED

1. TPC seeks entry of an order, substantially in the form attached as **Exhibit A**, (i) authorizing the filing under seal portions of *TPC Group Inc.'s Brief in Opposition to Plaintiffs' Motion for Summary Judgment* [A.D.I. 40] (the "Opposition"), (ii) authorizing the filing under seal portions of the *Declaration of Patrick Hurt* (the "Hurt Declaration") [A.D.I. 41] and (iii) granting such other and further relief as the Court deems just and proper.

## RELEVANT BACKGROUND

2. On June 1, 2022 (the "Petition Date"), TPC and its debtor affiliates (together with TPC, the "Debtors") commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On June 2, 2022, plaintiffs Bayside Capital, Inc. ("Bayside") and Cerberus Capital Management, L.P. ("Cerberus," and together with Bayside, "Plaintiffs" or the "Ad Hoc Group of Non-Consenting Noteholders") initiated this Adversary Proceeding by filing the *Complaint for Declaratory Judgment* (A.D.I. 1) (the "Complaint") against TPC.

4. Contemporaneously with the filing of the Complaint, Plaintiffs filed the *Ad Hoc Group of Non-Consenting Noteholders' Motion for Summary Judgment* (A.D.I. 4) (the "MSJ").

5. Also on June 2, 2022, Plaintiffs filed the *Ad Hoc Group of Non-Consenting Noteholders' Motion for Expedited Hearing on Motion for Summary Judgment* (A.D.I. 6) (the "Motion for Expedited Hearing"). On June 9, 2022, Plaintiffs submitted a revised order approving the Motion for Expedited Hearing (the "Scheduling Order") under a certification of counsel. *See* D.I. 21.

6. The Court entered the Scheduling Order on June 9, 2022, which required the Debtors to file the Opposition on June 17, 2022.

7. One June 17, 2022, the Debtor timely filed the Opposition, which is also supported by the Hurt Declaration. The Opposition and the Hurt Declaration refer to certain documents that are attached as exhibits to the Opposition and the Hurt Declaration and contain highly sensitive, confidential commercial information of the Debtors and other parties in interest. Specifically,

   a) Exhibit I to the Opposition contains confidential, commercially sensitive information, prepared by the Debtors' professionals, concerning the prices at which the Debtors' 10.875% Notes and 10.5% Notes were trading at between the period of January, 2021 through May, 2022 (the "Trading Prices");

   b) Exhibit K to the Opposition contains confidential, commercially sensitive information related to debtor-in-possession financing negotiations (the "Illustrative DIP Proposal") between the Debtors and Plaintiffs as potential DIP lenders; and

   c) Exhibits 2 through Exhibit 26 to the Hurt Declaration (the "Consent Letters," and together with the Trading Prices and the Illustrative DIP Proposal, the "Confidential Information") contain confidential information belonging to the Debtors' noteholders, namely information relating to the noteholders' ownership and quantity of notes owned as of January 2021.

8. In the main bankruptcy case, the Debtors also filed the Consent Letters and the Illustrative DIP Proposal under seal as Exhibit 8 and Exhibit 33, respectively, to the *Declaration of Robert A. Del Genio* [D.I. 67] (the "Business Records Affidavit").[2] The Debtors have separately requested authority to seal, among other things, the Consent Letters and the Illustrative DIP Proposal by the *Motion to File Under Seal Portions of the Declaration of Robert*

---

[2] A proposed redacted version of the Business Records Affidavit was filed at D.I. 70.

*A. Del Genio* [D.I. 167] (the "<u>Business Records Sealing Motion</u>").³ The Business Records Sealing Motion is currently subject to a pending objection filed by the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") [D.I. 239].

## BASIS FOR RELIEF

9. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Confidential Information under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b)　On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)　protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(b).

---

³　Pursuant to Fed. R. Civ. P. 10, made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7010, TPC fully incorporates by reference the Business Records Sealing Motion.

11. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

12. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection. *See, e.g., Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Id*. Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id*. at 27.

13. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See id*.

14. Sufficient cause exists here for the Court to grant the requested relief. The Confidential Information constitutes commercially sensitive information, thus satisfying one of

the categories enumerated in section 107(b) of the Bankruptcy Code. First, the Consent Letters contain confidential information belonging to the Ad Hoc Group of Noteholders, namely confidential information relating to the Noteholders' ownership and quantity of notes owned as of January 2021. Any changes in the Noteholders' ownership of notes between January 2021 and the Petition Date is proprietary and thus the Consent Letters contain information that is "confidential" and "commercial" within the meaning of section 107(b)(1) of the Bankruptcy Code.

15. Second, the Trading Prices are similarly sensitive with respect to the Debtors' business and ongoing relationships with the Debtors' noteholders. Disclosure of the Trading Prices would adversely affect the Debtors' estates and the noteholders because it would permit outside parties access to nonpublic information regarding the value of the notes prior to the filing of these chapter 11 cases.

16. Lastly, the Illustrative DIP Proposal contains certain highly sensitive information concerning the financial terms of the proposal that the Debtors rejected. Financial terms concerning certain fees, amounts, or percentages in the Illustrative DIP Proposal have not yet been publicly disclosed. Disclosure of these financial terms could adversely affect the Debtors, Plaintiffs as potential future bankruptcy lenders, and the Debtors' current DIP lenders. Given the intense competition in the investment banking and lending industries, disclosure of these financial terms could heavily constrain the ability of Plaintiffs or the Debtors' DIP lenders to negotiate future transactions, putting them at a strategic disadvantage relative to their competitors and causing commercial injury.

17. Thus, the Confidential Information is sensitive, proprietary, confidential, and commercial information that section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to protect. Therefore, the Bankruptcy Court should protect the Confidential

Information as contemplated by section 107(b) of the Bankruptcy Code and grant the relief requested in this Motion.

18. Accordingly, TPC has filed the Proposed Redactions, attaching proposed redacted versions of the Opposition and the Hurt Declaration that redacts the Confidential Information, and any references to the Confidential Information, in its entirety.

### **AVERMENT PURSUANT TO LOCAL RULE 9018-1(d)**

19. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtor, the Consent Letters are subject to the Confidentiality Rights (as defined in Local Rule 9018-1(d)(iii)) of the Ad Hoc Noteholder Group. Based upon previous discussions with the Ad Hoc Noteholder Group, it is the Debtor's understanding that the Consent Letters, and any references to any Noteholders' ownership and quantity of notes owned as of January 2021, must remain under seal in their entirety. Further, the Illustrative DIP Proposal attached as Exhibit K to the Opposition is subject to Plaintiffs' Confidentiality Rights. The undersigned proposed counsel to the Debtor contacted Plaintiffs' counsel to confirm whether any portion of the Illustrative DIP Proposal may be filed publicly. As of the filing of this Motion, TPC and Plaintiffs have not yet reached an agreement concerning the information in the Illustrative DIP Proposal that may be filed publicly but intend to confer further. The Debtors do not believe that the entirety of the Illustrative DIP Proposal should be sealed. Nonetheless, out of an abundance of caution, the Debtors have redacted the entirety of the Illustrative DIP Proposal but intend to file a revised redacted version following further discussion with Plaintiffs.

## **CONCLUSION**

WHEREFORE, TPC respectfully requests that this Court enter an order in substantially the form attached hereto as **Exhibit A** granting the relief requested in this Motion and granting such further relief as the Court may deem necessary or proper.

Dated: June 23, 2022
      Wilmington, Delaware

*/s/ Brian Loughnane*

**BAKER BOTTS L.L.P.**
James R. Prince (admitted *pro hac vice*)
Kevin Chiu (admitted *pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone:   (214) 953-6500
Facsimile:   (214) 953-6503
Email: jim.prince@bakerbotts.com
      kevin.chiu@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
Scott R. Bowling (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone:   (212) 408-2500
Facsimile:   (212) 259-2501
Email: scott.bowling@bakerbotts.com

-and-

BAKER BOTTS L.L.P.
David R. Eastlake (admitted *pro hac vice*)
Lauren N. Randle (admitted *pro hac vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone:   (713) 229-1234
Facsimile:   (713) 229-1522
Email: david.eastlake@bakerbotts.com
      lauren.randle@bakerbotts.com

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Matthew O. Talmo (No. 6333)
Brian Loughnane (No. 6853)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:   rdehney@morrisnichols.com
      cmiller@ morrisnichols.com
      dbutz@ morrisnichols.com
      mtalmo@ morrisnichols.com
      bloughnane@ morrisnichols.com

*Proposed Attorneys for Debtors
and Debtors in Possession*