# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TPC GROUP INC, *et al.,*<br><br>Debtors,[1] | Chapter 11<br><br>Case No. 22-10493 (CTG)<br><br>Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P<br><br>   *Plaintiffs-Counterclaim Defendants*,<br><br>v.<br><br>TPC GROUP INC.,<br><br>   *Defendant-Counterclaimant*,<br><br>-and-<br><br>THE AD HOC NOTEHOLDER GROUP,<br><br>   *Intervenor-Defendant*. | Adv. Pro. No. 22-50372 (CTG)<br><br>Re: Docket No. 72 |

**ORDER RESOLVING PENDING MOTIONS**

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of their federal tax identification numbers, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

WHEREAS, on June 2, 2022, Plaintiffs-Counterclaim Defendants Cerberus Capital Management, L.P. ("Cerberus") and Bayside Capital, Inc. ("Bayside," and together with Cerberus, "Plaintiffs") filed its Complaint for Declaratory Judgment (A.D.I. 3, "Plaintiffs' Complaint") and moved pursuant to Federal Rule of Civil Procedure 56, made applicable to the Adversary Proceeding (the "Adversary Proceeding") by Federal Rule of Bankruptcy Procedure 7056, for summary judgment on Plaintiffs' Complaint (A.D.I. 4, "Plaintiffs' Summary Judgment Motion");

WHEREAS, on June 9, 2022, Defendant-Counterclaim Plaintiff TPC Group Inc. ("TPC") filed its Initial Counterclaim for Declaratory Judgment (A.D.I. 15, "TPC's Initial Counterclaim") and moved, pursuant to Federal Rule of Civil Procedure 56, made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7056, for summary judgment on TPC's Initial Counterclaim (A.D.I .16, "TPC's Summary Judgment Motion");

WHEREAS, on June 9, 2022, TPC moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012, to dismiss Plaintiffs' Complaint (A.D.I. 18, "TPC's Motion to Dismiss");

WHEREAS, on June 17, 2022, the Ad Hoc Noteholder Group ("Intervenor"), moved, pursuant to Federal Rule of Civil Procedure 56, made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7056, for summary judgment on Plaintiffs' Complaint (A.D.I. 43, "Intervenor's Cross-Motion for Summary Judgment");

WHEREAS, on June 22, 2022, TPC filed an answer to Plaintiffs' Complaint which restated TPC's Initial Counterclaim (A.D.I. 47, "TPC's New Counterclaim");

WHEREAS, on June 22, 2022, Plaintiffs moved pursuant to Federal Rules of Civil Procedure 12(b) and 12(f), made applicable to the Adversary Proceeding by Federal Rule of

Bankruptcy Procedure 7012, for an Order striking or dismissing TPC's Initial Counterclaim (A.D.I. 48) ("Plaintiffs' Motion to Strike or Dismiss");

WHEREAS, on June 22, 2022, Plaintiffs moved pursuant to Federal Rules of Civil Procedure 12(b)(6), made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012, for an Order dismissing TPC's New Counterclaim (A.D.I. 50, "Plaintiffs' Motion to Dismiss");

WHEREAS, on June 28, 2022, TPC moved to strike the Declaration of Oscar Shine in Support of Plaintiffs' Summary Judgment Motion (A.D.I. 60, "TPC's Motion to Strike"); and

WHEREAS, the Court, having considered parties' respective submissions, positions and arguments with respect to each of the above-referenced motions, and after a hearing held on June 29, 2022, and having found that there are no genuine issues of material fact, issued a Memorandum Opinion dated July 6, 2022 (A.D.I. 72, the "Opinion"), addressing the parties' motions herein referenced above. For the reasons set forth in the Opinion,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Summary Judgment Motion is DENIED;

2. TPC's Summary Judgment Motion is DENIED;

3. TPC's Motion to Dismiss is DENIED;

4. Intervenor's Cross-Motion for Summary Judgment is GRANTED;

5. Plaintiffs' Motion to Strike or Dismiss is GRANTED, and TPC's Initial Counterclaim, filed June 9, 2022 (A.D.I. 15) is DISMISSED;

6. Plaintiffs' Motion to Dismiss is GRANTED, and TPC's New Counterclaim, filed June 22, 2022 (A.D.I. 47), is DISMISSED;

7. TPC's Motion to Strike is DENIED;

8.      All other relief not expressly granted is denied;

9.      No issue remains to be decided in the Adversary Proceeding and, accordingly, final judgment is to be entered by separate document, as Fed. R. Bankr. P. 7058 requires, in favor of TPC and Intervenor and against Plaintiffs as to the claims asserted in Plaintiffs' Complaint and final judgment is to be entered in favor of Plaintiffs and against TPC as to the claims asserted in TPC's Initial Counterclaim and New Counterclaim, con-sistent with the above orders; and

10.      This Court shall retain jurisdiction to enforce and interpret the provisions of this Order.

**Dated: July 8th, 2022**
**Wilmington, Delaware**

          **CRAIG T. GOLDBLATT**
          **UNITED STATES BANKRUPTCY JUDGE**