# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TPC GROUP INC, *et al.,*<br><br>    *Debtors*.[1] | Chapter 11<br><br>Bankr. Case No. 22-10493 (CTG)<br><br>Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P.,<br><br>    *Plaintiffs-Appellants*,<br><br>v.<br><br>TPC GROUP INC.,<br><br>    *Defendant-Appellee*,<br><br>-and-<br><br>THE AD HOC NOTEHOLDER GROUP,<br><br>    *Intervenor-Defendant-Appellee*. | Bankr. Adv. Proc. No. 22-50372 (CTG)<br><br>Civ. Action No. 22-cv-927 (RGA) |

### APPELLANTS' DESIGNATION OF THE RECORD ON APPEAL AND STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL

Appellants Bayside Capital, Inc. and Cerberus Capital Management, L.P. (the "Appellants"), pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(A), hereby designate

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of their federal tax identification numbers, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

the following items[2] to be included in the record on appeal and state the issues to be presented on appeal:

**I.    Designation of Items to Be Included in the Record on Appeal**

| Docket No. and Case or Adversary No. | Date Filed | Description |
|---|---|---|
| [D.I. 1, Case No. 22-10493] | 6/1/2022 | Chapter 11 Voluntary Petition |
| [D.I. 27, Case No. 22-10493] | 6/1/2022 | Declaration of Robert A. Del Genio in Support of Debtors' Chapter 11 Petitions and First Day Motions |
| [D.I. 36, Case No. 22-10493] | 6/1/2022 | Motion to Allow Debtors Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief Filed by TPC Group Inc. |
| [D.I. 68, Case No. 22-10493] | 6/1/2022 | Declaration of Zul Jamal in Support of Debtors' Motion for Entry of Interim and Final Orders |
| [D.I. 76, Case No. 22-10493] | 6/2/2022 | Objection of the Ad Hoc Group of Non-Consenting Noteholders to Debtors' Motion for Entry of Interim and Final Orders Approving DIP Financing |
| [A.D.I. 3, Adv. No. 22-50372] | 6/2/2022 | [SEALED] Complaint for Declaratory Judgment |
| [A.D.I. 4, Adv. No. 22-50372] | 6/2/2022 | [SEALED] Ad Hoc Group of Non-Consenting Noteholders' Motion for Summary Judgment |
| [A.D.I. 5, Adv. No. 22-50372] | 6/2/2022 | [SEALED] Declaration of Aaron L. Renenger in Support of the Ad Hoc Group of Non-Consenting Noteholders' Motion for Summary Judgment |
| [D.I. 148, Case No. 22-10493] | 6/3/2022 | Transcript of First Day Hearing Before the Honorable Craig T. Goldblatt |
| [A.D.I. 17-4, Adv. No. 22-50372] | 6/9/2022 | Letter to U.S. National Bank dated April 26, 2022, as Exhibit D to Plaintiffs' Opening Brief in Support of Motion for Summary Judgment |
| [A.D.I. 40, Adv. No. 22-50372] | 6/17/2022 | TPC Group Inc's Brief in Opposition to Plaintiffs Motion for Summary Judgment |
| [A.D.I. 44, Adv. No. 22-50372] | 6/17/2022 | Ad Hoc Noteholder Group's Cross-Motion for Summary Judgment |
| [A.D.I. 51, Adv. No. 22-50372] | 6/22/2022 | [SEALED] Declaration of Oscar Shine |

---

[2]  Unless otherwise indicated, the designation of each item herein includes any exhibits and/or attachments filed together with that item under the same docket number.  The designation also includes the sealed version of any document that was filed under seal.

2

| Docket No. and Case or Adversary No. | Date Filed | Description |
|---|---|---|
| [A.D.I. 55, Adv. No. 22-50372] | 6/24/2022 | Declaration of Oscar Shine in Support of Plaintiffs-Counterclaim Defendants' Consolidated Memorandum of Law in Further Support of Their Motion for Summary Judgment |
| [A.D.I. 64, Adv. No. 22-50372] | 6/28/2022 | Plaintiffs-Counterclaim Defendants' Consolidated Memorandum of Law in Further Support of Their Motion for Summary Judgment and In Opposition to Intervenor-Defendant's Motion for Summary Judgment, |
| [A.D.I. 69, Adv. No. 22-50372] | 7/1/2022 | Transcript of Summary Judgment Hearing Before the Honorable Craig T. Goldblatt |
| [A.D.I. 72, Adv. No. 22-50372] | 7/6/2022 | Memorandum Opinion |
| [A.D.I. 74, Adv. No. 22-50372] | 7/8/2022 | Order Resolving Pending Motions |
| [A.D.I. 75, Adv. No. 22-50372] | 7/8/2022 | Judgment |
| [A.D.I. 76, Adv. No. 22-50372] | 7/8/2022 | Notice of Appeal |
| [A.D.I. 78, Adv. No. 22-50372] | 7/8/2022 | Motion of Plaintiffs for Stay of Effectiveness and Enforcement or Order and Judgment Pending Appeal and Suspension of Other Proceedings Pursuant to Bankruptcy Rule 8007 |
| [A.D.I. 80, Adv. No. 22-50372] | 7/8/2022 | Emergency Motion to Shorten |
| [A.D.I. 84, Adv. No. 22-50372] | 7/11/2022 | Declaration of Zul Jamal in Support of Debtors and Intervenor Defendants' Consolidated Response to Plaintiffs' Motion for Stay |
| [A.D.I. 85, Adv. No. 22-50372] | 7/11/2022 | Declaration of Robert Del Genio in Support of Debtors and Intervenor Defendant's Consolidated Response to Plaintiffs' Emergency Motion for Stay of Effectiveness and Enforcement of Order and Judgment Pending Appeal and Suspension of Other Proceedings |
| [A.D.I. 86, Adv. No. 22-50372] | 7/11/2022 | Debtors' and Intervenor Defendant's Consolidated Response to Plaintiffs' Emergency Motion for Stay of Effectiveness and Enforcement of Order and Judgment Pending Appeal and Suspension of Other Proceedings |
| [A.D.I. 87, Adv. No. 22-50372] | 7/11/2022 | Opinion Denying Motion for Stay Pending Appeal |
| [A.D.I. 88, Adv. No. 22-50372] | 7/11/2022 | Order Denying Motion for Stay Pending Appeal |
| [D.I. 423, Case No. 22-10493] | 7/12/2022 | Omnibus Reply of the Ad Hoc Noteholder Group to Objections to Debtors' Motion for Entry of Interim and Final Orders |

3

## II.      Statement of the Issues to be Presented on Appeal

1.      On July 6, 2022, the Bankruptcy Court entered the *Memorandum Opinion*, A.D.I. 72 (the "Opinion"), addressing the parties' various motions in the above-captioned adversary proceeding (Adv. Pro. No. 22-50372). On July 8, 2022, the Bankruptcy Court entered the *Order Resolving Pending Motions*, A.D.I. 74 (the "Order"), and *Judgment*, A.D.I. 75, in the above-captioned adversary proceeding, which, among other things, denied *Plaintiffs' Motion for Summary Judgment*, A.D.I. 4., granted the *Ad Hoc Noteholder Group's Cross-Motion for Summary Judgment*, A.D.I. 43, and entered judgment in favor of Defendants on Plaintiffs' claims.

2.      The Bankruptcy Court's Order and Judgment should be reversed on appeal because, among other things, the Bankruptcy Court misinterpreted the unambiguous terms of the governing contracts, misapplied New York law, improperly invoked industry custom and usage and commercial reasonableness to create and incorrectly resolve an ambiguity, and prematurely granted summary judgment after identifying an ambiguity no party had raised.

3.      There are four issues in this appeal:

a.      First, whether the Bankruptcy Court erred in holding that the amendments and supplements that subordinated Appellants' debt did not violate the governing indenture, when that indenture unambiguously prohibited nonconsensual changes to provisions of the indenture and the related intercreditor agreement dealing with the application of proceeds of Collateral.

b.      Second, whether the Bankruptcy Court erred in failing to apply the only on-point New York precedent properly to a contract governed by New York law

c.      Third, whether the Bankruptcy Court erred in relying on industry custom and usage, as well as the Court's own assessment of commercial reasonableness, in interpreting an indenture the parties agreed was unambiguous, particularly when no discovery had been taken,

no pertinent evidence was in the record, and all parties agreed that industry custom and usage were irrelevant.

          d.       Fourth, whether the Bankruptcy Court erred in granting summary judgment prior to discovery after it incorrectly concluded that the governing indenture was ambiguous.

### III. Certificate Regarding Transcripts

Pursuant to Rule 8009(b)(1)(B) of the Federal Rules of Bankruptcy Procedure, Appellants hereby file this certificate stating that Appellants are not ordering any transcripts. All transcripts have been prepared and are filed on the docket and are designated in the foregoing designation of the record.

*   *   *

Appellants reserve any and all rights to amend this Designation of Record on Appeal and Statement of the Issues to Be Presented on Appeal, each as set forth herein, including, without limitation, to identify and to include additional issues and items for inclusion in the record on appeal.

[Remainder of Page Left Intentionally Blank]

Dated:   July 22, 2022                     Respectfully submitted,

                                           PACHULSKI STANG ZIEHL & JONES LLP

                                       By: */s/ Laura Davis Jones*
                                           Laura Davis Jones (DE Bar No. 2436)
                                           Timothy P. Cairns (DE Bar No. 4228)
                                           PACHULSKI STANG ZIEHL & JONES LLP
                                           919 North Market Street, 17th Floor
                                           P.O. Box 8705
                                           Wilmington, Delaware 19899 (Courier 19801)
                                           Tel: 302-652-4100
                                           Facsimile: 302-652-4400
                                           ljones@pszjlaw.com
                                           tcairns@pszjlaw.com

                                           - and -

                                           Jennifer Selendy (admitted *pro hac vice*)
                                           Andrew R. Dunlap (admitted *pro hac vice*)
                                           Oscar Shine (admitted *pro hac vice*)
                                           Max H. Siegel (admitted *pro hac vice*)
                                           SELENDY GAY ELSBERG PLLC
                                           1290 Avenue of the Americas
                                           New York, New York 10104
                                           Tel: 212-390-9000
                                           jselendy@selendygay.com
                                           adunlap@selendygay.com
                                           oshine@selendygay.com
                                           msiegel@selendygay.com

                                           *Attorneys for the Appellants*